FILED
U.S. DISTRICT COURT
DIV.
'10 DEC 23 AM 9:55
CLERK R. Cu
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

LARRY DEEMS,

    Plaintiff,

vs.

UNITED STATES OF AMERICA,
FIRST MERIT BANK, IRS, and
Agent JAMES FARLEY,

    Defendants.

CIVIL ACTION NO.: MC509-001

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Defendants filed a Motion to Dismiss Plaintiff's Petition to Quash Summons. (Doc. No. 5). Plaintiff filed a Response. (Doc. No. 15). Defendants assert this Court lacks subject-matter jurisdiction to consider Plaintiff's IRS summons issued to a third party, FirstMerit Bank, because the summoned party is not located within the Southern District of Georgia as required by 26 U.S.C. § 7609(h) of the Internal Revenue Code. Plaintiff claims jurisdiction is proper because he is the real party in interest, and it would be difficult for him to travel to another district.

Section 7609 of the Internal Revenue Code authorizes a taxpayer to file a petition to quash a summons issued to a third party within twenty days of service of the summons. Jurisdiction over the petition lies exclusively in the district court for the district in which the person or entity summoned "resides or is found." 26 U.S.C. §

AO 72A
(Rev. 8/82)

7609(h) (2006). Summonses directed to third parties with respect to the tax liability of another are subject to special procedures prescribed by 26 U.S.C. § 7609.

The jurisdiction of a district court to hear a proceeding to quash a third-party summons rests on IRC § 7609(h)(1). See Clay v. United States, 199 F.3d 876, 879 (6th Cir. 1999). Section 7609(h) provides as follows:

> (h) JURISDICTION OF DISTRICT COURT; ETC.
>
> (1) JURISDICTION. The United States district court for the district within which the person to be summoned resides or is found shall have jurisdiction to hear and determine any proceedings brought under subjection (b)(2), (f), or (g). An order denying the petition shall be deemed a final order which may be appealed.

Under the plain language of IRC § 7609(h)(l), jurisdiction lies only with the district court where "the person to be summoned resides or is found." Masat v. United States, 745 F.2d 985, 988 (5th Cir. 1984); Cayman Nat'l Bank. Ltd. v. United States, 2007 WL 641176 at *2 (M.D. Fla. 2007).

This Court lacks jurisdiction to quash the IRS summons at issue because the summonsed party is not found in this judicial district. FirstMerit Bank's research and correspondence unit is located in Akron, Ohio. FirstMerit Bank is not authorized to do business in Georgia as a foreign corporation. Plaintiff does not allege any facts that suggest FirstMerit Bank "is found within this judicial district" so as to confer jurisdiction on this Court. The IRS summons is directed to FirstMerit Bank in Akron, Ohio and, further, FirstMerit Bank does not have any branch offices in the Southern District of Georgia. Accordingly, this Court lacks subject-matter jurisdiction under Section 7609(h) to quash the IRS summons to FirstMerit Bank.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendants' Motion to Dismiss Plaintiff's Petition to Quash Summons be **GRANTED**, and Plaintiff's Motion for Production of Documents be **DISMISSED** as moot.

**SO REPORTED** and **RECOMMENDED**, this 23rd day of December, 2010.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE